FILED IN OPEN COURT
U.S.D.C. - Atlanta

JAN 0 8 2025

Kevin P. Weimer, Clerk
By: _____ Deputy Clerk

# GUILTY PLEA and PLEA AGREEMENT

United States Attorney
Northern District of Georgia

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION
CRIMINAL NO. 1:24-CR-400-SEG

The United States Attorney for the Northern District of Georgia ("the Government") and Defendant Kimberly Johnson enter into this plea agreement as set forth below in Part IV pursuant to Rules 11(c)(1)(A) & (B) of the Federal Rules of Criminal Procedure. Kimberly Johnson, Defendant, having received a copy of the above-numbered Information and having been arraigned, hereby pleads GUILTY to the Information.

## I. ADMISSION OF GUILT

1. The Defendant admits that she is pleading guilty because she is in fact guilty of the crime(s) charged in the Information.

## II. ACKNOWLEDGMENT & WAIVER OF RIGHTS

2. The Defendant understands that by pleading guilty, she is giving up the right to plead not guilty and the right to be tried by a jury. At a trial, the Defendant would have the right to an attorney, and if the Defendant could not afford an attorney, the Court would appoint one to represent the Defendant at trial and at every stage of the proceedings. During the trial, the Defendant would be presumed innocent and the Government would have the burden of proving her guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the witnesses against her. If the Defendant wished, she could testify on her own behalf and present evidence in her defense, and she

could subpoena witnesses to testify on her behalf. If, however, the Defendant did not wish to testify, that fact could not be used against her, and the Government could not compel her to incriminate herself. If the Defendant were found guilty after a trial, she would have the right to appeal the conviction.

3. The Defendant understands that by pleading guilty, she is giving up all of these rights and there will not be a trial of any kind.

4. By pleading guilty, the Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could have been filed.

5. The Defendant also understands that she ordinarily would have the right to appeal her sentence and, under some circumstances, to attack the conviction and sentence in post-conviction proceedings. By entering this Plea Agreement, the Defendant may be waiving some or all of those rights to appeal and to collaterally attack her conviction and sentence, as specified below.

6. Finally, the Defendant understands that, to plead guilty, she may have to answer, under oath, questions posed to her by the Court concerning the rights that she is giving up and the facts of this case, and the Defendant's answers, if untruthful, may later be used against her in a prosecution for perjury or false statements.

### III.   ACKNOWLEDGMENT OF PENALTIES

7. The Defendant understands that, based on her plea of guilty, she will be subject to the following maximum and mandatory minimum penalties:

**As to the sole charge in the Information (Conspiracy: 18 U.S.C. § 371)**

   a. Maximum term of imprisonment: 5 years.

   b. Mandatory minimum term of imprisonment: None.

   c. Term of supervised release: up to 3 years.

   d. Maximum fine: $250,000.00, or twice the gain or twice the loss, whichever is greatest, due and payable immediately.

   e. Full restitution, due and payable immediately, to all victims of the offense(s) and relevant conduct.

   f. Mandatory special assessment: $100.00, due and payable immediately.

   g. Forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to this offense.

8. The Defendant understands that, before imposing sentence in this case, the Court will be required to consider, among other factors, the provisions of the United States Sentencing Guidelines and that, under certain circumstances, the Court has the discretion to depart from those Guidelines. The Defendant further understands that the Court may impose a sentence up to and including the statutory maximum as set forth in the above paragraph and that no one can predict her exact sentence at this time.

9. REMOVAL FROM THE UNITED STATES: The Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Indeed, because the Defendant is pleading guilty to this offense,

3

removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including her attorney or the District Court, can predict to a certainty the effect of her conviction on her immigration status. The Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is her automatic removal from the United States.

### IV.   PLEA AGREEMENT

10. The Defendant, her counsel, and the Government, subject to approval by the Court, have agreed upon a negotiated plea in this case, the terms of which are as follows:

#### No Additional Charges

11. The United States Attorney for the Northern District of Georgia agrees not to bring further criminal charges against the Defendant related to the charges to which she is pleading guilty. The Defendant understands that this provision does not bar prosecution by any other federal, state, or local jurisdiction.

#### Sentencing Guidelines Recommendations

12. Based upon the evidence currently known to the Government, the Government agrees to make the following recommendations and/or to enter into the following stipulations.

**Base/Adjusted Offense Level**

13. At the sentencing hearing, the parties agree to jointly recommend that:

    a. The applicable offense Sentencing Guideline section is 2B1.1.

    b. The Defendant's base offense level is 6 pursuant to Section 2B1.1(a)(2).

    c. The Defendant is subject to a 16-level upward adjustment pursuant to Section 2B1.1(b)(1) because the loss amount resulting from the offense of conviction and all relevant conduct was more than $1,500,000 but less than $3,500,000.

    d. The Defendant is subject to a 2-level upward adjustment pursuant to Section 2B1.1(b)(2)(A) because the offense involved 10 or more victims.

    e. The Defendant is **not** subject to a 2-level upward adjustment pursuant to Section 2B1.1(b)(10)(C) (sophisticated means).

    f. The Defendant is **not** subject to a 2-level upward adjustment pursuant to Section 2B1.1(b)(17)(A) (gross receipts from a financial institution).

    g. The Defendant is **not** subject to a 2-level upward adjustment pursuant to Section 2B1.1(b)(11) (authentication features and identification documents).

14. Regarding the loss amount referenced above in Paragraph 13(c), the Defendant agrees that the loss amount resulting from the offense of conviction and all relevant conduct includes mortgage write-down amounts of at least $1,748,066. The Defendant also agrees that mortgage broker fees associated with her conduct total at least $566,000. However, the Defendant does not agree that the mortgage broker fees should be counted in the Defendant's loss or restitution amount.

## Acceptance of Responsibility

15. The Government will recommend that the Defendant receive an offense level adjustment for acceptance of responsibility, pursuant to Section 3E1.1, to the maximum extent authorized by the guideline. However, the Government will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the Defendant engages in conduct inconsistent with accepting responsibility. Thus, by way of example only, should the Defendant falsely deny or falsely attempt to minimize the Defendant's involvement in relevant offense conduct, give conflicting statements about the Defendant's involvement, fail to pay the special assessment, fail to meet any of the obligations set forth in the Financial Cooperation Provisions set forth below, or participate in additional criminal conduct, including unlawful personal use of a controlled substance, the Government will not be required to recommend acceptance of responsibility.

## Right to Answer Questions, Correct Misstatements, and Make Recommendations

16. The parties reserve the right to inform the Court and the Probation Office of all facts and circumstances regarding the Defendant and this case, and to respond to any questions from the Court and the Probation Office and to any misstatements of fact or law. Except as expressly stated elsewhere in this Plea Agreement, the parties also reserve the right to make recommendations regarding application of the Sentencing Guidelines. The parties understand, acknowledge, and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed.

### Right to Modify Recommendations

17. With regard to the Government's recommendation as to any specific application of the Sentencing Guidelines as set forth elsewhere in this Plea Agreement, the Defendant understands and agrees that, should the Government obtain or receive additional evidence concerning the facts underlying any such recommendation, the Government will bring that evidence to the attention of the Court and the Probation Office. In addition, if the additional evidence is sufficient to support a finding of a different application of the Guidelines, the Government will not be bound to make the recommendation set forth elsewhere in this Plea Agreement, and the failure to do so will not constitute a violation of this Plea Agreement.

### Sentencing Recommendations

**Specific Sentence Recommendation**

18. Unless the Defendant engages in conduct inconsistent with accepting responsibility, as described more fully in paragraph 15, the Government agrees to recommend that the Defendant be sentenced to the low end of the guideline range and may recommend a period of supervised release to follow.

**Fine--No Recommendation as to Amount**

19. The Government agrees to make no specific recommendation as to the amount of the fine to be imposed on the Defendant within the applicable guideline range.

**Restitution**

20. The Defendant agrees to pay full restitution, plus applicable interest, to the Clerk of Court for distribution to all victims of the offense(s) to which she is

pleading guilty and all relevant conduct, including, but not limited to, any counts dismissed as a result of this Plea Agreement. The Defendant understands that the amount of restitution owed to each victim will be determined at or before sentencing, but agrees that the total of such restitution is at least $1,748,066. The Defendant also agrees to cooperate fully in the investigation of the amount of restitution, the identification of victims, and the recovery of restitution for victims.

**Forfeiture**

21. The Defendant waives and abandons her interest in any property that may have been seized in connection with this case. The Defendant agrees to the administrative or judicial forfeiture or the abandonment of any seized property. The Defendant agrees to hold the United States and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of property connected to this case. The Defendant acknowledges that the United States will dispose of any seized property, and that such disposal may include, but is not limited to, the sale, release, or destruction of the seized property. The Defendant agrees to waive any and all constitutional, statutory, and equitable challenges in any manner (including direct appeal, a Section 2255 petition, habeas corpus, or any other means) to the seizure, forfeiture, and disposal of any property connected to this case on any grounds.

22. The Defendant acknowledges that she is not entitled to use forfeited assets to satisfy any fine, restitution, cost of imprisonment, tax obligations, or any other penalty the Court may impose upon the Defendant in addition to forfeiture.

## Financial Cooperation Provisions

**Special Assessment**

23. The Defendant understands that the Court will order her to pay a special assessment in the amount of $100.

**Fine/Restitution - Terms of Payment**

24. The Defendant agrees to pay any fine and/or restitution, plus applicable interest, imposed by the Court to the Clerk of Court for eventual disbursement to the appropriate account and/or victim(s). The Defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the Defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, she agrees that the custodial agency and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The Defendant understands that this payment schedule represents a minimum obligation and that, should the Defendant's financial situation establish that she is able to pay more toward the fine and/or restitution, the Government is entitled to pursue other sources of recovery of the fine and/or restitution. The Defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by any legal means the Government deems appropriate. Finally, the Defendant and her counsel agree that the Government may contact the Defendant regarding the collection of any fine and/or restitution without notifying and outside the presence of her counsel.

**Financial Disclosure**

25. The Defendant agrees that the Defendant will not sell, hide, waste, encumber, destroy, or otherwise devalue any such asset worth more than $1,000 before sentencing, without the prior approval of the Government. The Defendant understands and agrees that the Defendant's failure to comply with this provision of the Plea Agreement should result in the Defendant receiving no credit for acceptance of responsibility.

26. The Defendant agrees to cooperate fully in the investigation of the amount of forfeiture, restitution, and fine; the identification of funds and assets in which she has any legal or equitable interest to be applied toward forfeiture, restitution, and/or fine; and the prompt payment of restitution or a fine.

27. The Defendant's cooperation obligations include: (A) fully and truthfully completing the Department of Justice's Financial Statement of Debtor form, and any addenda to said form deemed necessary by the Government, within ten days of the change of plea hearing; (B) submitting to a financial deposition or interview (should the Government deem it necessary) prior to sentencing regarding the subject matter of said form; (C) providing any documentation within her possession or control requested by the Government regarding her financial condition and that of her household; (D) fully and truthfully answering all questions regarding her past and present financial condition and that of her household in such interview(s); and (E) providing a waiver of her privacy protections to permit the Government to access her credit report and tax information held by the Internal Revenue Service.

28. So long as the Defendant is completely truthful, the Government agrees that anything related by the Defendant during her financial interview or deposition or in the financial forms described above cannot and will not be used against her in the Government's criminal prosecution. However, the Government may use the Defendant's statements to identify and to execute upon assets to be applied to the fine and/or restitution in this case. Further, the Government is completely free to pursue any and all investigative leads derived in any way from the interview(s)/deposition(s)/financial forms, which could result in the acquisition of evidence admissible against the Defendant in subsequent proceedings. If the Defendant subsequently takes a position in any legal proceeding that is inconsistent with the interview(s)/deposition(s)/financial forms–whether in pleadings, oral argument, witness testimony, documentary evidence, questioning of witnesses, or any other manner–the Government may use the Defendant's interview(s)/deposition(s)/financial forms, and all evidence obtained directly or indirectly therefrom, in any responsive pleading and argument and for cross-examination, impeachment, or rebuttal evidence. Further, the Government may also use the Defendant's interview(s)/deposition(s)/financial forms to respond to arguments made or issues raised sua sponte by the Magistrate or District Court.

### Recommendations/Stipulations Non-binding

29. The Defendant understands and agrees that the recommendations of the Government incorporated within this Plea Agreement, as well as any stipulations of fact or guideline computations incorporated within this Plea Agreement or otherwise discussed between the parties, are not binding on the

Court and that the Court's failure to accept one or more of the recommendations, stipulations, and/or guideline computations will not constitute grounds to withdraw her guilty plea or to claim a breach of this Plea Agreement.

### Limited Waiver of Appeal

30. LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal her conviction and sentence and the right to collaterally attack her conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or upward variance above the sentencing guideline range as calculated by the District Court. Claims that the Defendant's counsel rendered constitutionally ineffective assistance are excepted from this waiver. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

### Miscellaneous Waivers

**FOIA/Privacy Act Waiver**

31. The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the

Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

## No Other Agreements

32. There are no other agreements, promises, representations, or understandings between the Defendant and the Government.

In Open Court this 8th day of January, 2025.

_____
SIGNATURE (Defendant's Attorney)
Kendal Silas

_____
SIGNATURE (Defendant)
Kimberly Johnson

_____
SIGNATURE (Assistant U.S. Attorney)
Alison B. Prout

_____
SIGNATURE (Approving Official)
Stephen McClain
Chief, Complex Frauds Section

I have read the Information against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission. I am fully satisfied with the representation provided to me by my attorney in this case.

_____     01-08-2025
SIGNATURE (Defendant)                DATE
Kimberly Johnson

I am Kimberly Johnson's lawyer. I have carefully reviewed the charges and the Plea Agreement with my client. To my knowledge, my client is making an informed and voluntary decision to plead guilty and to enter into the Plea Agreement.

_____     _____1/8/25_____
SIGNATURE (Defendant's Attorney)     DATE
Kendal Silas
____645959____ State Bar of Georgia Number


Filed in Open Court

This ___ day of _____, 20__

By _____

15

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
|---|---|
| CRIMINAL ACTION NO.: | 1:24-CR-400-SEG |
| DEFENDANT'S NAME: | KIMBERLY JOHNSON |
| PAY THIS AMOUNT: | $100 |

Instructions:
1. Payment must be made by **certified check** or **money order** payable to:
   Clerk of Court, U.S. District Court
   ***personal checks will not be accepted***
2. Payment must be made to the clerk's office by the day of sentencing.
3. Payment should be sent or hand delivered to:
   Clerk, U.S. District Court
   2211 U.S. Courthouse
   75 Ted Turner Drive SW
   Atlanta, Georgia 30303
   (Do Not Send Cash)
4. Include the defendant's name on **certified check** or **money order.**
5. Enclose this coupon to insure proper and prompt application of payment.
6. Provide proof of payment to the above-signed AUSA within 30 days of the guilty plea.